# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

CURTIS WILLIAM BAILEY,

                Petitioner,

v.                                        Case No. 3:20-cv-1463-TJC-LLL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                Respondents.

_____

# ORDER

## I.    Status

Petitioner, Curtis William Bailey, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) on December 4, 2020 (mailbox rule). He challenges a state court (Duval County, Florida) judgment of conviction for two counts of attempted first-degree murder, three counts of attempted second-degree murder, and one count of possession of a firearm by a convicted felon. See Doc. 1 at 1. Petitioner is serving a life sentence on the

attempted first-degree murder convictions.[1] He raises three grounds for relief, asserting trial court error and the ineffective assistance of trial counsel. Id. at 5-8. Respondents move to dismiss the Petition as untimely (Doc. 8).[2] Petitioner filed a Reply (Doc. 11). Thus, the Petition is ripe for review.[3]

## II.   One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2244 by adding the following subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] See Florida Department of Corrections, Offender Information Search, available at https://fdc.myflorida.com/OffenderSearch/Search.aspx (last visited Mar. 1, 2024).

[2] The Court cites exhibits filed with the Response by document and page number as assigned by the Court's electronic case filing system.

[3] "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "[t]he record provide[s] no basis for further inquiry" regarding equitable tolling. Pugh v. Smith, 465 F.3d 1295, 1300 (11th Cir. 2006). Thus, an evidentiary hearing will not be conducted.

. . . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III.  <u>Analysis</u>

### A. Relevant Procedural History

On October 23, 2009, a jury found Petitioner guilty of two counts of attempted first-degree murder and three counts of attempted second-degree murder (Counts I through V). <u>See</u> Doc. 9-2 at 723-25; Doc. 9-3 at 327-36. After the conclusion of the trial on those Counts, Petitioner entered a negotiated guilty plea to Count VI, possession of a firearm by a convicted felon. <u>See</u> Doc. 9-2 at 735-36. Judgment was entered the same day, and Petitioner was sentenced to consecutive terms of life imprisonment with a minimum mandatory of twenty years on Counts I and II, consecutive terms of twenty years with a minimum mandatory of twenty years on Counts III through V, and a term of five years with a minimum mandatory of three years on Count VI, to run concurrently with the other Counts. <u>Id.</u> at 737-39, 742-47. With help from counsel, Petitioner sought a direct appeal in Florida's First District Court of Appeal, raising one

sentencing issue with respect to his convictions for attempted second-degree murder (Counts III through V). Id. at 756-57.

In a written opinion issued on January 28, 2011, the First DCA affirmed without discussion the convictions and sentences on Counts I and II but reversed and remanded for a new trial on Counts III through V. Id. at 844-46. The mandate issued on March 31, 2014.[4] Id. at 848. On May 22, 2014, Petitioner entered a guilty plea to Counts III through V. Id. at 863-64. In entering his plea, Petitioner specifically waived his "right to appeal all matters relating to the judgement [sic]." Id. at 863. The trial court approved a negotiated sentence of concurrent terms of twenty years with credit for ten years. Id. at 854, 863-64. Judgment was entered on May 22, 2014. Id. at 866-71.

On June 6, 2014, Petitioner sought a pro se appeal. Id. at 873. However, in doing so, he did not seek review of the trial court's May 22, 2014 judgment and sentence, but rather sought review of a six-year-old pretrial order (dated June 24, 2008) regarding his rights to a speedy trial and to represent himself. Id. at 874-75. On June 17, 2014, the First DCA ordered Petitioner to show cause why his appeal should not be dismissed as untimely. Id. at 878, 884. Petitioner

---

[4] The Florida Supreme Court denied Petitioner's petition for discretionary review on January 23, 2014. See Doc. 9-2 at 855; see also Florida Supreme Court, Online Docket, Case Number SC2011-0340, available at https://supremecourt.flcourts.gov/ (last visited Mar. 1, 2024).

did not respond to the order to show cause, so on August 18, 2014, the First DCA dismissed the appeal. Id. at 879, 884.[5]

On December 1, 2014, Petitioner filed a pro se petition in the First DCA alleging the ineffective assistance of appellate counsel. Id. at 886. The First DCA denied the petition on the merits in a per curiam opinion on December 18, 2014. Id. at 910. Petitioner's motion for rehearing was denied on February 2, 2015. Id. at 919. No mandate was issued.

On February 24, 2015, Petitioner filed a motion under Rule 3.850 of the Florida Rules of Criminal Procedure. See Doc. 9-3 at 6. On December 27, 2018, after appointing postconviction counsel and holding an evidentiary hearing on some grounds, the court denied Petitioner's Rule 3.850 motion. Id. at 297, 325. The court denied Petitioner's motion for rehearing on January 23, 2019. Id. at 1044-45. Petitioner appealed, id. at 1046, and the First DCA per curiam affirmed the denial of Petitioner's Rule 3.850 motion without a written opinion, Doc. 9-4 at 116. The First DCA denied Petitioner's motion for rehearing, id. at 122, and issued its mandate on February 13, 2020, id. at 124.[6]

---

[5] The First DCA dismissed Petitioner's appeal for his failure to respond to the order to show cause and for his failure to comply with an order directing him to pay the filing fee or obtain a waiver of insolvency. See Doc. 9-2 at 879. Nearly one year after the First DCA dismissed his appeal, Petitioner filed a motion for voluntary dismissal. Id. at 881-82. The First DCA took no action on that motion. Id. at 884.

[6] In the trial court, Petitioner also filed a motion to correct illegal sentence under Rule 3.800. That motion was fully resolved through appeal during the pendency of Petitioner's Rule 3.850 proceedings. See Doc. 9-4 at 136-46, 150-54, 246, 255.

Petitioner filed a successive postconviction motion under Rule 3.850 on March 27, 2020, asserting newly discovered evidence gave rise to two additional ineffective-assistance-of-trial-counsel claims. See Doc. 9-4 at 275-82. The trial court denied the motion on May 6, 2020, finding it was untimely and not saved by the newly discovered evidence exception under Rule 3.850(b).[7] See id. at 284-90. The First DCA per curiam affirmed the denial on November 23, 2020, id. at 655, and issued its mandate on December 21, 2020, id. at 658.

### B. Arguments & Conclusion

Respondents argue Petitioner's December 4, 2020 Petition was late because his AEDPA clock expired on October 12, 2020. See Doc. 8 at 12-13. In explaining their calculation, Respondents "question whether Petitioner had the authority" to file his 2014 pro se appeal but concede for purposes of the timeliness analysis that he did, concluding that the pendency of his appeal tolled his one-year AEDPA limitation period. Id. at 10. The Court concurs and agrees with Respondents' calculations. Although Petitioner's pro se appeal immediately followed entry of his guilty plea and May 22, 2014 judgment on remand, his notice of appeal shows that he was appealing a 2008 pretrial order.

---

[7] Rule 3.850(b) provides that a motion to vacate a sentence "shall [not] be filed or considered . . . if filed more than 2 years after the judgment and sentence become final," unless the movant alleges one of three enumerated exceptions applies, including that "the facts on which the claim is predicated were unknown to the movant . . . and could not have been ascertained by the exercise of due diligence . . . ." Fla. R. Crim. P. 3.850(b)(1).

See Doc. 9-2 at 874-75. This is confirmed by the First DCA's finding that the appeal was untimely. Id. at 878-79, 884.[8]

Because Petitioner did not appeal the May 22, 2014 judgment and sentence, his conviction became final when the time to file a direct appeal in the state court expired: thirty days after entry of the judgment, or June 23, 2014. See § 2244(d)(1)(A). The Court gives Petitioner the benefit of tolling through the First DCA's dismissal of his apparently untimely appeal from the initial 2009 judgment and sentence. Thus, his one-year limitation period began on August 19, 2014. The limitation period ran for 104 days until Petitioner filed his petition for ineffective assistance of appellate counsel; the one-year re-commenced on February 3, 2015, and ran for 21 days until Petitioner filed his first Rule 3.850 motion; the one-year re-commenced on February 14, 2020, and ran through its expiration 240 days later on October 12, 2020, making the December 4, 2020 Petition untimely.

Petitioner does not contest Respondents' calculation insofar as the date his conviction became final and the time that expired on his AEDPA clock through the filing of his successive Rule 3.850 motion. See Doc. 1 at 14; see generally Doc. 11. However, he argues he is entitled to tolling credit for the time

---

[8] Petitioner filed his pro se appeal within 30 days of entry of the state court's judgment after he entered a plea on remand. Thus, if he had been appealing that judgment, the appeal would have been timely filed. However, Petitioner was appealing a 2008 pretrial order, raising issues he opted not to raise in his first direct appeal.

during which his successive Rule 3.850 motion was pending. <u>See</u> Doc. 11 at 4; <u>see also</u> Doc. 1 at 14. Alternatively, he contends he is entitled to equitable tolling because he exercised "due diligence." <u>See</u> Doc. 1 at 14. With respect to his argument that his successive Rule 3.850 motion tolled his AEDPA clock, Petitioner maintains the state court did not "reject[] or summarily dismiss[]" the motion even though it was untimely but rather "denied [it] on the merits." <u>See</u> Doc. 11 at 3 (distinguishing <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Jones v. Sec'y, Fla. Dep't of Corr.</u>, 906 F.3d 1339 (11th Cir. 2018)). He argues the <u>Pace</u> and <u>Jones</u> decisions do not control because in those cases, the courts "rejected" the untimely motions. <u>Id.</u>

Petitioner's argument has no factual or legal merit. The state court unequivocally concluded the claims Petitioner raised in his successive Rule 3.850 motion were untimely and addressed the merits only to the extent necessary to explain why Petitioner's purportedly new evidence did not meet the criteria for the newly discovered evidence exception under Rule 3.850(b)(1). <u>See</u> Doc. 9-4 at 287-89. For instance, with respect to the first new ineffective-assistance-of-trial counsel claim (labeled Ground Thirteen), the state court concluded the "claim [was] untimely" and did not meet the criteria for the newly discovered evidence exception because the information upon which Petitioner relied was "not evidence" and regardless, he failed to show both that the "information . . . was not known at the time of trial or could not have been

discovered through diligent investigation" or would "probably produce an acquittal on retrial." Id. at 286-87 (citing Jones v. State, 591 So. 2d 911, 915 (Fla. 1991) (holding that to constitute newly discovered evidence under Rule 3.850(b), the evidence "must be of such nature that it would probably produce an acquittal on retrial" (emphasis omitted))). With respect to new Ground Fourteen, the state court similarly concluded the claim was "untimely" and, even if the new information constituted evidence, it was not of such a nature that it "would probably produce an acquittal on retrial." Id. at 289.

To the extent the state court addressed the merits of Petitioner's new claims for relief, its finding of untimeliness "is the end of the matter for purposes of § 2244(d)(2).'" Jones, 906 F.3d at 1350 (quoting Pace, 544 U.S. at 414). Indeed, the Supreme Court has held that an untimely state court motion for postconviction relief is not "properly filed" under section 2244(d)(2), even when the state court's "timeliness ruling [is] 'entangled' with the merits." Pace, 544 U.S. at 414. See also Jones, 906 F.3d at 1350 (reasoning the court's finding of untimeliness was "subsumed within" its ruling that the petitioner's proffered evidence was not newly discovered under Rule 3.850).

Because Petitioner's successive Rule 3.850 motion was untimely, it was not "properly filed" for purposes of § 2244(d)(2) and provides no tolling. Thus, his Petition is untimely, and he fails to allege any facts supporting due diligence or extraordinary circumstances that would entitle him to equitable tolling. See

Lawrence v. Florida, 549 U.S. 327, 336 (2007); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). To the extent Petitioner claims actual innocence as a gateway to avoid enforcement of the one-year limitation period, see Doc. 11 at 3, he fails to meet his burden. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) ("[A] petitioner does not meet the [actual innocence] threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995))).

## IV.   Conclusion

For the foregoing reasons, the Petition is untimely, and Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him.

Accordingly, it is **ORDERED AND ADJUDGED**:

1.    The Petition (Doc. 1) is **DISMISSED with prejudice** as untimely.

2.    The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

3.    If Petitioner appeals this Order, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending

motions report any motion to proceed on appeal as a pauper that may be filed

in this case. Such termination shall serve as a denial of the motion.[9]

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of March,

2024.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-6
c:
Curtis William Bailey
Counsel of Record

---

[9] The Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.